Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: 858-509-9401

*Attorneys for Plaintiff*
*OLAES ENTERPRISES, INC.*

FILED
NOV 08 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

'07 CV 2155 JM (LSP)

| | |
|---|---|
| OLAES ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VERSALY GAMES, INC., a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND COPYRIGHT INFRINGEMENT**<br><br>**<u>Jury Trial Demanded</u>** |

Plaintiff, by and through its attorneys, alleges as follows:

**INTRODUCTION**

1. This is an action for breach of contract and for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§101 *et seq*.

2. Plaintiff is the creator and owner of copyrighted graphic designs that are very popular and readily available through numerous channels nationwide. Defendant is a former licensee of plaintiff that has breached its contract with plaintiff by, *inter alia*, failing to pay royalties and failing to provide royalty reports. Following termination of the license agreement between the parties, defendant continued to market, offer for sale and/or sell copies of plaintiff's copyrighted designs, derivative works thereof, and/or designs substantially similar thereto. Plaintiff seeks all relief available to it for breach of contract, and for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§101 *et seq*.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over plaintiff's claim for copyright infringement under federal copyright laws, 28 U.S.C. §1331 and §1338(a). This Court has supplemental jurisdiction over plaintiff's claim for breach of contract pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated in this district. Defendant advertised, marketed and/or sold goods in this district via the Internet and/or directly. Defendant's wrongful conduct caused harm in this district, which harm defendant knew and/or intended would occur in this district. Defendant agreed to venue in this district.

**THE PARTIES**

5. Plaintiff OLAES ENTERPRISES, INC. ("ODM") is a California corporation with its principal office at 13860 Stowe Drive, Poway, California 92064.

6. On information and belief, defendant VERSALY GAMES, INC. ("VERSALY"), is a Delaware corporation with its principal office at 555 116th Ave., Bellvue, Washington 98004.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

7. ODM hereby incorporates by reference the allegations contained in paragraphs 1 through 6 of this Complaint.

8. ODM is one of the largest design houses in the world. ODM has created thousands of designs that contain a large amount of plaintiff's wholly original material and are copyrightable subject matter under the laws of the United States.

9. Most of ODM's copyrighted designs are used on clothing apparel such as t-shirts, sweatshirts, jackets, hats and undergarments. ODM's designs are also used on other items such as mobile phone entertainment, posters, tattoos, beach towels, car seat covers, air fresheners and many other products.

10. Products containing ODM's copyrighted designs are sold nationwide to more than 5,000 independent retailers, speciality stores (such as Hot Topic and Anchor Blue), department stores (such as Belks and Dillards), mid-tier stores (such as Sears) and large mass marketers (such as Wal-Mart, Target and K-Mart). Products containing ODM's copyrighted designs are also available on the Internet.

11. On or about July 27, 2004, ODM entered into a written License Agreement with defendant VERSALY, which was amended effective August 1, 2006 (the "Agreement").

12. The Agreement granted defendant VERSALY the non-exclusive right to reproduce specifically identified designs and trademarks for use on mobile phone entertainment, including screen savers, wallpaper, skins and home screens (the "Products").

13. The Agreement required defendant VERSALY to provide royalty reports and payments to ODM for its sales of the Products. The Agreement also provided that failure by defendant VERSALY to report or pay in a timely manner would subject the Agreement to immediate termination upon ten (10) days written notice by ODM.

14. ODM has performed all conditions, obligations and promises required under the terms of the Agreement.

15. Defendant VERSALY breached the Agreement by, *inter alia*, failing and refusing

to provide the required royalty reports and payments per the terms of the Agreement. Defendant VERSALY has acknowledged in writing the fact that it owes royalties to ODM.

16. As a direct, natural, and foreseeable result of the above described acts and omissions of defendant VERSALY, ODM has been and continues to be damaged in an amount to be determined at trial.

17. WHEREFORE, ODM prays for relief on this cause of action as follows:

a. For an order granting plaintiff or its designated agent(s) full and complete access to examine and make extracts from defendant's books and records and all other documents and materials in the possession or under the control of defendant with respect to the subject matter and terms of the Agreement.

b. An accounting of all royalties paid or payable to plaintiff;

c. Compensatory damages;

d. Reasonable costs and attorney fees, as provided by the Agreement.

e. Such other and further relief as this Court deems proper.

## SECOND CAUSE OF ACTION
**(Copyright Infringement)**

18. ODM hereby incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

19. On July 13, 2007, pursuant to the terms of the Agreement, ODM gave ten (10) days written notice to defendant VERSALY that ODM was terminating the Agreement and that the termination would be effective as of July 13, 2007. Said notice of termination and termination were expressly based upon defendant VERSALY's failure to pay royalties and provide royalty reports in accordance with the terms of the Agreement.

20. ODM has complied in all respects with the Copyright Act of the United States and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights at issue in this lawsuit, including and, on information and belief, not limited to, the copyrighted designs licensed to defendant VERSALY by ODM under the Agreement. The United States Copyright Office has issued U.S. Copyright Registrations for the copyrights at issue.

21. Defendant VERSALY did not have any right to reproduce, copy, offer for sale or sell any of the forty five (45) designs licensed under the Agreement, or any other of ODM's copyrighted designs, following termination of the Agreement.

22. Defendant VERSALY has infringed, directly or through agents, ODM's copyrights. Following termination of the Agreement, defendant VERSALY continued to reproduce, copy, offer for sale and/or sell some or all of the forty-five (45) ODM copyrighted designs that had previously been licensed under the Agreement, derivative works thereof, and/or designs substantially similar thereto. On information and belief, defendant VERSALY also has reproduced, copied, offered for sale and/or sold ODM's copyrighted designs that had not previously been licensed under the Agreement, derivative works thereof, and/or designs substantially similar thereto.

23. ODM has been and still is the sole proprietor of all right, title, and interest in its copyrights. Defendant VERSALY's use, production, distribution, sale, copying and/or reproduction of ODM's copyrights is and has been without the consent and/or authorization of ODM. The activities of defendant VERSALY complained of herein constitute willful and intentional infringement of ODM's copyrights and are in total disregard of ODM's rights.

24. ODM has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of defendant VERSALY in an amount thus far not determined.

25. As a result of such infringement, ODM seeks all remedies available to it pursuant to the Copyright Act, including but not limited to:

a. Seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. §503;

b. Actual damages suffered by plaintiff as a result of the infringement pursuant to 17 U.S.C. §504 (b). One measure of actual damages is the fair market value of a license covering the defendant's infringing use of plaintiff's designs. To the extent applicable, plaintiff seeks an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such infringing use during the preceding period of up to 3 years pursuant to 17 U.S.C. §504(b);

c. Any profits of defendant that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. §504 (b). On information and belief, defendant and/or third parties have documents that reflect the profits of defendant that are attributable to the infringement including sales invoices for the infringing designs and all documents showing defendants' direct costs of production;

d. Statutory damages (at plaintiff's election) instead of actual damages and profits, for all infringements involved in the action, with respect to any one work, for which any one defendant is liable individually, or for which defendants are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just pursuant to 17 U.S. C. §504(c)(1). To the extent the court finds that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504 (c)(2);

e. Plaintiff's attorney fees and costs of suit; and

f. Such other and further relief as this Court deems proper

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff ODM respectfully prays for judgment and orders, as detailed more fully in each cause of action, as follows:

1. That defendant pay to plaintiff damages on the First and Second Causes of Action in sums according to proof at trial;

2. That defendant be ordered to allow an audit and accounting of its books, records and other related materials, on the First Cause of Action, to be conducted by an independent certified public accountant chosen by plaintiff;

3. That defendant be held to have infringed, directly or otherwise, plaintiff's copyrights.

4. That defendant be required to account for all gains, profits and advantages derived from each of its infringements of plaintiff's copyrights and to pay plaintiff such damages as plaintiff has sustained in consequence of each of defendant's infringements, or such damage as to this court

shall appear proper within the provisions of the Copyright Law, including, without limitation, statutory damages up to $150,000 per violation which based on forty five (45) past licensed designs is $6,750,000 ($150,000 X 45);

5. That all of the products used to perpetrate the infringing acts be seized, impounded and destroyed.

6. That a preliminary and permanent injunction issue restraining and enjoining defendant, and defendant's officers, agents, attorneys, directors, employees and those acting in privity or in concert with them, from directly or indirectly using, in any fashion, any of plaintiff's copyrighted works;

7. That all gains, profits and advantages derived by defendant from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of plaintiff to avoid dissipation and/ or fraudulent transfers of such monies by defendants;

8. That defendant pay to plaintiff the costs of this action, expenses, and reasonable attorney's fees pursuant to agreement of the parties and the Copyright Act;

9. That defendant pay to plaintiff prejudgment interest; and

10. That plaintiff have such other and further relief as this Court deems proper.

Dated: November 8, 2007

Respectfully Submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

DARREN J. QUINN

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: 858-509-9401

*Attorneys for Plaintiff*
*OLAES ENTERPRISES, INC.*

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: November 8, 2007

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff Olaes Enterprises, Inc.*

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144337 - BH**
*** * C O P Y * ***
**November 09, 2007**
**08:45:26**

**Civ Fil Non-Pris**
USAO #.: 07CV2155 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.: $350.00 CK
Check#.: BC# 2032

**Total-> $350.00**

FROM: OLAES ENT. V. VERSALY GAMES
CIVIL FILING

FILED
NOV 0 8 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
OLAES ENTERPRISES, INC., a California corporation

**DEFENDANTS**
VERSALY GAMES, INC., a Delaware corporation,

'07 CV 2155 JM (LSP)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Darren J. Quinn
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

copyright infringement and breach of contract 17 USC Section 1001

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** 6,750,000 Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 11/8/07 SIGNATURE OF ATTORNEY OF RECORD

PAID $350- 11/9/07 BH RCPT# 144337

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

cr